# SUPREME COURT OF APPEALS

*In re* **A.D.**

**No. 17-1092** (Mercer County 16-JA-37)

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father L.D., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's November 13, 2017, order terminating his parental rights to A.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David Kelley, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating his parental rights when the child's mother was participating in a post-dispositional improvement period and by not employing a less-restrictive alternative than terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 17, 2016, the DHHR filed a petition alleging that petitioner abused and neglected the child. The petition specifically alleged that petitioner's home was in a "deplorable" condition and that there was no clear path to walk through the residence. According to the petition, the child lacked proper hygiene, her clothes were too small, and she had diaper rash severe enough to require medical attention. The petition also alleged that there was drug paraphernalia in the home, little food in the refrigerator, and that petitioner exposed the child to drug use in the home. Petitioner waived the preliminary hearing. On April 22, 2016, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations of abuse and neglect. Petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period.

On March 15, 2017, the DHHR moved to terminate petitioner's parental rights. In support of its motion, the DHHR alleged that petitioner failed to comply with the terms and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

conditions of his improvement period in that he failed to complete a long-term substance abuse treatment program and participate in random drug screenings. The DHHR also alleged that petitioner habitually abused alcohol and controlled substances to the extent that his parenting skills were seriously impaired.

On October 30, 2017, the circuit court held a dispositional hearing, which petitioner failed to attend, although he was represented by counsel at that hearing. The DHHR presented testimony from a caseworker that petitioner failed to enter into a long-term substance abuse treatment program. The caseworker also testified that petitioner failed to participate in parenting education, adult life skills classes, and random drug screening. A service provider testified that petitioner failed to comply with parenting education classes and supervised visitation for at least six weeks prior to the dispositional hearing. Based on this evidence, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the child's best interests. At the close of the dispositional hearing, the child's mother was granted an extension to her post-dispositional improvement period. The circuit court ultimately terminated petitioner's parental rights in its November 13, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights because the mother was participating in an improvement period. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially

---

[2]The mother voluntarily relinquished her parental rights in February of 2018. According to the guardian and the DHHR, the permanency plan for the child is adoption by her paternal grandparents.

corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could have substantially corrected the conditions of abuse or neglect in the near future. The record shows that petitioner failed to comply with the terms and conditions of his post-adjudicatory improvement period. Specifically, petitioner failed to enter into a long-term substance abuse treatment program, continued to abuse drugs and alcohol, and failed to participate in parenting education classes, adult life skills classes, and random drug screening.

Although petitioner argues that the circuit court erred in terminating his parental rights when the child's mother was participating in an improvement period, we have held that "[West Virginia Code § 49-4-604] permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id.*

As discussed above, the record shows that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because he failed to successfully participate in his post-adjudicatory improvement period. Therefore, the circuit court did not err in terminating petitioner's parental rights when the child's mother was participating in a post-dispositional improvement period.

Further, while petitioner argues that the circuit court erred in terminating his parental rights instead of employing a less-restrictive alternative, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Moreover, it is clear that termination was necessary for the child's welfare, given that petitioner failed to correct the conditions of abuse and neglect. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 13, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker